**Genaro ORIS, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–267.**

United States Court of Veterans Appeals.

Submitted Dec. 3, 1991.

Decided Jan. 21, 1992.

Genaro Oris, Jr., pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Joan E. Moriarty were on the pleadings, for appellee.

Before MANKIN, Associate Judge.

## MEMORANDUM DECISION

MANKIN, Associate Judge:

Appellant Genaro Oris, Jr., a resident of the Philippines, served on active duty from 1946 to 1949. He seeks review of an August 17, 1989, Board of Veterans' Appeals (Board or BVA) decision that denied him entitlement to service connection for the cardiovascular and hypertensive disease for which he has apparently been treated since 1986. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. This Court affirms the Board's decision.

Appellant contends that he is entitled to service connection for his condition by virtue of 38 U.S.C. § 1112 (formerly § 312), which establishes a presumption of service connection for a chronic disease that becomes manifest to a degree of ten percent or more within one year from a veteran's date of separation from service. *See also* 38 C.F.R. § 3.307(a)(3) (1991). Appellant submitted evidence indicating that he is currently under treatment for a heart condition and hypertension. R. at 16–18. Appellant also submitted a statement from a physician, Dr. Lloren, who asserts that Oris was his patient from 1949 to 1952. R. at 15. In his statement, Dr. Lloren further relates that Oris suffered from occasional attacks of hypertensive and cardiovascular disease, and that he treated Oris with medication, including the drug Aldomet, an antihypertensive medication. *See Physicians' Desk Reference* 1415 (46th ed. 1992). Dr. Lloren also asserts that the records of such treatment are no longer available, as Oris was an outpatient, and these events transpired over forty years ago.

On the basis of this single unsworn statement, appellant asserts that he is entitled to a presumption that his current disability is service connected. Alternatively, he argues that if Dr. Lloren's statement is insufficient to establish service connection, the Secretary had a duty to assist him in developing his claim by contacting Dr. Lloren to obtain "amplification, clarification, or explanation" of the evidence. Appellant's Informal Brief at 1. In support of this argument, appellant purports to cite a provision of the Code of Federal Regulations, "38 CFR, 2.1031." The Court notes that appellant's citation is incorrect, for part 2 of title 38 of the Code of Federal Regulations contains no such section. In fact, the Court has been unable to identify any potentially applicable statute or regulation that contains the language relied upon by appellant.

To establish a claim under 38 U.S.C. § 1112, any medical evidence submitted "should set forth the physical findings and symptomatology elicited by examination within the applicable period." 38 C.F.R. § 3.307(b) (1991). Dr. Lloren's statement fails to meet this standard, for it contains no discussion of appellant's symptoms or any other basis for his diagnosis of hypertensive and cardiovascular disease. The Court agrees with the Secretary's contention that, in these circumstances, the Department of Veterans Affairs incurred no obligation to provide appellant with further assistance.

Upon consideration of the record, appellant's informal brief, and the Secretary's motion, it is the holding of the Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). The August 17, 1989 decision of the Board of Veterans' Appeals is summarily AFFIRMED.